UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-60145-CR-DAMIAN/SHAW-WILDER

**UNITED STATES OF AMERICA,**

v.

**SAMAN CALA GIMENEZ,**

      **Defendant.**
_____/

**REPORT AND RECOMMENDATION ON CHANGE OF PLEA**

    **THIS CAUSE** is before the Court on an Order of Referral [ECF No. 36] from the Honorable Melissa Damian to conduct a Change of Plea Hearing ("Hearing") for Defendant **SAMAN CALA GIMENEZ** ("Defendant"). The Court conducted the Hearing on January 20, 2026, to determine if Defendant should be permitted to change his plea to guilty in this matter. Having conducted the Hearing, the Court makes the following **REPORT** and **RECOMMENDATION**:

    1.    The Defendant appeared at the hearing in person and was placed under oath under penalty of perjury.  The Defendant was aided by a Spanish language court interpreter.

    2.    Based on the Defendant's responses to competency questions, the Court found the Defendant fully competent and capable to make an informed and voluntary guilty plea.

    3.    The Court advised Defendant of his right to have the Hearing conducted by United States District Judge Melissa Damian, the judge who will conduct the sentencing hearing and make all findings and rulings concerning his sentence.  The Court confirmed that Defendant had the opportunity to fully discuss this right with his counsel.  Understanding his right to have the District Judge conduct the change of plea, Defendant, along with his counsel and the Government's

1

counsel, consented to the undersigned proceeding with the change of plea. Based on Defendant's responses to the Court's inquiries regarding his consent, the Court finds that Defendant knowingly and voluntarily gave his consent.

4. Upon obtaining Defendant's consent, the Court conducted a plea colloquy as outlined in the Bench Book for District Judges, and in accordance with Federal Rule of Criminal Procedure 11.

5. The Defendant seeks to plead guilty to Count I of the Indictment, which charges that the Defendant knowingly and willfully combined, conspired, and agreed with others to dispense without authorization of law and distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1); all in violation of Title 21, United States Code, Section 846. Pursuant to Title 21, United States Code, Section 841(b)(1)(C), the Indictment further alleges that the violation involved a Schedule II controlled substance, that is, a mixture and substance containing a detectable amount of Oxycodone. The Defendant acknowledged that he has reviewed the Indictment and that his counsel has fully explained the charges to him.

6. The Defendant acknowledged that he understands the possible penalties that could be imposed against him and the other consequences of pleading guilty to the charge in the Indictment. The Defendant confirmed that he is aware and understands that: (1) the maximum penalty for the charge is up to twenty (20) years imprisonment followed by three (3) years of supervised release as well as the consequences for failure to comply with the conditions of supervised release; (2) the District Judge may impose a fine of up to $1,000,000 and a special assessment of $100; and, (3) forfeiture of any property that constitutes or is derived from or traceable to proceeds obtained directly or indirectly from the offense or any property used or intended to be used in the commission of the offense.

7. The Court discussed with Defendant the other consequences of pleading guilty to a felony, including waiving the right to a jury trial, loss of valuable civil rights, potential removal from the United States, and inability to obtain United States citizenship in the future. Defendant confirmed that he is fully aware that his sentence has not yet been determined and that he cannot withdraw the guilty plea if the sentence is greater than he currently anticipates.

8. The Defendant and the Government have entered into a written Plea Agreement, which was signed by the Government's counsel, Defendant's counsel and the Defendant. The parties presented the Plea Agreement to the Court. The Defendant confirmed that the Plea Agreement reflects his entire agreement and understanding with the Government. The Plea Agreement has been filed in the record. [ECF No. 41].

9. The Court conducted detailed a review of the terms of the Plea Agreement with the Defendant, who stated that he fully understood the entire agreement and had reviewed and signed it with the advice and consultation of his attorney. The Plea Agreement contains an appeal waiver which the Court discussed with the Defendant. Based on the Defendant's responses to the Court's inquiries, the undersigned is satisfied that the Defendant knowingly and voluntarily agreed to the appeal waiver.

10. As set forth in the Plea Agreement, the Defendant confirmed to the Court that he is aware that the District Judge will impose a sentence after considering the Federal Sentencing Guidelines. The Court further discussed the parties' agreements regarding the Government's recommendations as to the sentence to be imposed by the District Judge. The Defendant confirmed that he is fully aware that the sentence has not yet been determined and that he cannot withdraw the guilty plea if the District Judge does not accept the Government's recommendations or if the sentence is greater the Defendant currently anticipates.

11. The Court asked the Government's counsel to state the elements of the crime and summarize the evidence against Defendant that it would have established at trial. Defendant and his counsel agreed that the Government correctly stated the elements of the crime. The parties provided the Court an Agreed Factual Basis for Guilty Plea signed by the Defendant, his Counsel, and the Government's Counsel. The Court asked the Government's Counsel to make a factual proffer for the record. The Defendant confirmed that he agreed with the Government's proffer on the record and stated that he committed the acts stated therein. Based on the Agreed Factual Basis for Guilty Plea and Defendant's responses to the Court's questions, the undersigned finds that the factual proffer is sufficient to establish the crime to which Defendant intends to plead guilty. The Agreed Factual Basis for Guilty Plea has been filed in the record. [ECF No. 42].

12. Defendant acknowledged that he is satisfied with his attorney, the representation that he has received, and that he has had a full opportunity to discuss all facets of his case—including discussing potential defenses, the Government's burden, and potential suppression motions—with his attorney.

13. Based on the foregoing and the plea colloquy conducted by this Court, the undersigned finds that Defendant is aware of the nature of the charges and the consequences of the plea, and that the plea of guilty is a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offense to which Defendant seeks to plead guilty.

14. Accordingly, Defendant was given the opportunity to change his plea. Defendant stated on the record that he pleads guilty to Count I of the Indictment.

## CONCLUSION

For the foregoing reasons, the undersigned **RECOMMENDS** that the Honorable Melissa Damian: (1) accept the guilty plea of Defendant, **Saman Cala Gimenez**; (2) adjudicate Defendant

guilty as to Count I of the Indictment to which he has entered a plea of guilty; and (3) conduct a sentencing hearing for final disposition of this matter.

A pre-sentence investigation report will be prepared for the District Court by the United States Probation Office. Sentencing will be set by a separate order before the Honorable Melissa Damian.

Objections to this Report and Recommendation, if any, may be filed with the Honorable Melissa Damian within **five (5) days** of receipt of a copy of the Report. Failure to timely file objections waives a party's right to review issues related to Defendant's plea under Fed. R. Crim. P. 11 before the District Judge or the Court of Appeals. *See* Fed. R. Crim. P. 59(b)(1), (2); 11th Cir. R. 3-1; *Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020); 28 U.S.C. § 636(b)(1)(C). If the parties do not intend to object, the parties shall file a Notice of Non-objection to the Report and Recommendation on Change of Plea within the same **five (5) day deadline**.

**RESPECTFULLY RECOMMENDED** this 22nd day of January, 2026, at Fort Lauderdale, Florida.

_____
**DETRA SHAW-WILDER**
**UNITED STATES MAGISTRATE JUDGE**

cc: The Honorable Melissa Damian
All Counsel of Record